**David NELMS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–3398.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2003.

Before BOGGS and NORRIS, Circuit Judges; and BELL, Chief District Judge.*

*ORDER*

Pro se federal prisoner David Nelms appeals a district court judgment that denied his 28 U.S.C. § 2255 motion. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Nelms pleaded guilty to a charge of conspiring to import cocaine, a violation of 21 U.S.C. § 963. Nelms was sentenced to 175 months of imprisonment to be followed by a four-year term of supervised release. On direct appeal, we affirmed his conviction and sentence. *United States v. Henderson,* 209 F.3d 614, 615 (6th Cir. 2000).

In March 2001, Nelms filed the instant § 2255 motion, raising multiple claims for relief. The magistrate judge recommended that the district court deny Nelms's § 2255 motion. Over Nelms's objections, the district court adopted the magistrate judge's findings and denied relief. The court subsequently granted Nelms a certificate of appealability on the following issue: whether defense counsel was ineffective in failing to challenge his classification as a career offender under USSG § 4B1.1 because, at the time of sentencing, the predicate offenses could have been prosecuted as misdemeanors under Ohio law.

In his timely appeal, Nelms argues that the date of federal sentencing—rather than the date of the predicate convictions—is when a conviction must be tested as a "prior felony" under § 4B1.1. Both parties have filed briefs.

Upon review, we conclude that the district court properly denied Nelms's § 2255 motion. To establish that counsel was ineffective, Nelms must show: (1) deficiency–that counsel's performance was, under all of the circumstances, unreasonable under prevailing professional norms: and (2) prejudice–that there is a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *Strickland v. Washington,* 466 U.S. 668, 687–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Because Nelms was properly classified as a career offender, Nelms cannot show *Strickland* prejudice from counsel's alleged failure to investigate or challenge the counting of his prior convictions. It is not disputed that Nelms's predicate convictions (both for aggravated drug trafficking in violation of Ohio Rev.Code § 2925.03) were felonies at the time he was

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

convicted of those crimes; however, Nelms contends that the controlling factor is the state of the law of the time of federal sentencing. In this regard, § 4B1.2 (c) states that "the date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere.*" In addition, the guidelines direct that a sentencing judge must focus on the character of a *conviction.* § 4B1.2, comment. (n.3). The guidelines to not require an examination of statutory evolution. Accordingly, we conclude that the date of the predicate conviction governs the § 4B1.1 determination. *United States v. Johnson,* 114 F.3d 435, 445 (4th Cir.1997).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.